(No. 1866—▮▮▮▮▮)

CHICAGO PRINTERS. INC., A CORPORATION (WM. L. O'CONNELL, RECEIVER, CONGRESS TRUST & SAVINGS BANK), Claimants. vs. STATE OF ILLINOIS, Respondent.

*Opinion filed May 31, 1935.*

DUNNE & CORBOY, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

This claim was originally filed by Chicago Printers, Inc. The Declaration alleges that claimant was formerly the Chicago Railway Printing Company, an Illinois corporation. By motion, Wm. L. O'Connell, Receiver of the Congress Trust and Savings Bank, was substituted as Party Plaintiff, for the reason that the claim in question had been assigned by the Chicago Printers, Inc. to the Congress Trust and Savings Bank, and thereafter came into the hands of Wm. L. O'Connell as Receiver of said bank.

Claimant alleges that on April 26, 1929, the respondent caused to be mailed to plaintiff an order or requisition to publish and print two thousand (2,000) copies of approximately six hundred (600) pages Roster of the Illinois National Guard and Naval Battalion as called by the President for "World War" service, for which respondent promised to pay what said Roster was reasonably worth; that said two thousand (2,000) copies were duly published and delivered to the State and that the publishing and printing thereof was reasonably worth the sum of Five Thousand Three Hundred Ninety-two and 66/100 Dollars ($5,392.66).

That on the 28th day of June, 1929, respondent mailed to the plaintiff a requisition to publish and print Three Thousand (3,000) copies of the Honor Roll, Vol. 1; that Plaintiff printed and delivered said Three Thousand (3,000) copies as provided in the terms of said requisition, for which the respondent promised to pay plaintiff what same was reasonably worth, and that the reasonable worth thereof was Ten Thousand Six Hundred Eighty-five and 93/100 Dollars ($10,685.93).

That about March 1, 1930, plaintiff presented a statement to the Department of Purchases and Construction, Division of Printing, for Ten Thousand Six Hundred Eighty-five and 93/100 Dollars ($10,685.93); that defendant paid plaintiff Six Thousand Seven Hundred Seventy-four and 80/100 Dollars ($6,774.80) on October 3, 1929, and Four Thousand Five Hun-

dred Fourteen and 81/100 Dollars ($4,514.81) on November 18, 1930, leaving a balance due plaintiff in the sum of Four Thousand Seven Hundred Eighty-eight and 98/100 Dollars ($4,788.98).

By an amendment to the Declaration filed September 24, 1934, plaintiff avers that the claims set forth in the Declaration come within one or more of the several appropriations made by the Legislature of Illinois prior to the date of the execution of said work, as set forth in said amendment.

The Attorney General has filed a motion to dismiss the claim on the ground that the Declaration contains no allegation that any appropriation was made for the purpose of printing and purchasing the books mentioned in the Declaration; that in the absence of an allegation that there was such an appropriation in an amount sufficient to cover the alleged requisition, no recovery can be had. It appears that an appropriation of Five Thousand Five Hundred Dollars ($5,500.00) was made by the General Assembly for printing the Roster of the National Guard and Naval Militia as called for "World War" service; and that an appropriation of Seven Thousand Five Hundred Dollars ($7,500.00) was made by the General Assembly for Volume 1 of the "Roll of Honor."

Any contract made by the Division of Printing in excess of the amount appropriated for that specific purpose is not legal, and if any order was placed for the work in question without specifying the cost thereof payment would only be legally authorized for same up to the amount appropriated therefor.

*Section 18, Article IV of the Constitution of Illinois* requires the General Assembly to make appropriation for the ordinary and contingent expenses of the government. The General Assembly determines what is a reasonable and proper amount to be expended by each Department of the State Government and makes appropriations therefor. For the two items in question the General Assembly made appropriations of not to exceed Five Thousand Five Hundred Dollars ($5,500.00) and Seven Thousand Five Hundred Dollars ($7,500.00) respectively.

*Section 30* of the Act in relation to State finance provides that no officer, institution, department, board or com-

mission shall contract any indebtedness on behalf of the State nor assume to bind the State in any amount in excess of the amount appropriated for such purpose. These provisions of the law are clear and under them the Superintendent of Printing had no power to contract for the work in question in excess of the appropriation made therefor.

It was clearly the intention of the 55th General Assembly in making the appropriation of Seven Thousand Five Hundred Dollars, ($7,500.00) "For Publishing and Distributing a Record of Burial Places in Illinois of Soldiers, Sailors, Marines and Army Nurses of the United States," that said appropriation cover the full cost thereof. The full amount of both appropriations, i. e. Five Thousand Five Hundred Dollars ($5,500.00) and Seven Thousand Five Hundred Dollars, ($7,500.00) were expended for the purposes stated, the Chicago Printers, Inc., having received Eleven Thousand Two Hundred Eighty-nine and 61/100 Dollars ($11,289.61) of the Thirteen Thousand Dollars ($13,000.00) so appropriated, the balance having been expended for incidental items in connection with the publishing, printing and distribution of said volumes. Plaintiff contends that a further appropriation of Ten Thousand Dollars ($10,000.00) or so much thereof as may be necessary appropriated by the General Assembly under House Bill 375, Session Laws, 1929, Page 20, for preparing, compiling and printing a Roster of Persons who were in the military and naval service of the United States during the "World War," could be considered as a proper appropriation upon which to base the contract in question. The Ten Thousand Dollar ($10,000.00) appropriation in question was for War Service Record Cards, being a specific record distinguished from the volumes in question and in the opinion of the court could not have been available for the payment of this claim and can therefore not be considered as a basis upon which an award might now be predicated.

As the Superintendent of the Division of Printing was without power or authority to contract for work in excess of the amount appropriated by the Legislature, the contract so far as it applies to such excess is void and no award can be made by this court for the payment thereof.

The entire amount of the claim herein being in excess of the amounts appropriated for the work in question, the mo-

tion therefore of the Attorney General to dismiss is allowed and the claim dismissed.